UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BANK OF AMERICA, N.A.,<br><br>Plaintiff,<br><br>v.<br><br>SUNRISE RIDGE MASTER HOMEOWNERS ASSOCIATION; DAISEY TRUST; and NEVADA ASSOCIATION SERVICES, INC.,<br><br>Defendants. | Case No. 2:16-cv-00467-MMD-CWH<br><br>ORDER |
| DAISEY TRUST,<br><br>Counterclaimant,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>Counterdefendant. | |

**I.  SUMMARY**

This case arises out of a foreclosure sale of property to satisfy a homeowners' association lien. Before the Court are three motions: (1) Plaintiff/Counterdefendant Bank of America, N.A.'s ("BANA") motion for partial summary judgment on its quiet title/declaratory relief claim and on Defendant/Counterclaimant Daisy Trust's counterclaims (ECF No. 77); (2) Defendant Sunrise Ridge Master Homeowners Association's ("HOA") motion for summary judgment on BANA's claims (ECF No. 78); and (3) Defendant/Counterclaimant Daisy Trust's motion for summary judgment on BANA's claims and on its counterclaims (ECF No. 79). The Court has reviewed the parties' responses (ECF Nos. 80, 81, 84) and replies (ECF Nos. 86, 87, 88.) The Court finds that BANA's tender preserved its deed of trust and will grant BANA's motion.

## II.   BACKGROUND

The following facts are undisputed unless otherwise indicated.[1]

Michael F. Delapaz, Carolyn T. Delapaz and Ludivina C. Catacutan ("Borrowers") purchased real property ("Property") within the HOA with a $220,864 loan ("Loan") from BANA in 2005. (ECF No. 77-1.) The Loan was secured by a first deed of trust ("DOT"). (*See id.*) BANA is the beneficiary under the DOT. (*Id.* at 2–3.)

The Borrowers failed to pay HOA assessments, and the HOA recorded the following notices through its agent, Nevada Association Services, Inc. ("NAS"): (1) notice of delinquent assessment lien on May 10, 2010 (ECF No. 77-2); and (2) notice of default and election to sell on July 13, 2010 (ECF No. 77-3).

On March 30, 2012, BANA's agent (the law firm of Miles, Bauer, Bergstrom & Winters, LLP ("Miles Bauer")) sent a letter to NAS asking it to identify the superpriority amount of the HOA lien.[2] (ECF No. 77-4 at 3, 6–7.) NAS did not respond. (*Id.* at 3.) BANA calculated the superpriority amount as $378 (the total of nine months of assessments) based on the ledger provided for a different property within the HOA and sent a check for that amount to NAS on April 12, 2012. (*Id.* at 3, 9, 13–15, 17.) NAS returned the check to Miles Bauer. (*Id.* at 4, 9.)

The HOA then proceeded with the foreclosure sale ("HOA Sale"). The HOA recorded a notice of foreclosure sale on March 19, 2012. (ECF No. 77-5.) The HOA sold the Property on August 2, 2012, to Daisy Trust for $5,470. (ECF No. 77-6.)

BANA asserts the following claims: (1) quiet title/declaratory judgment against all Defendants; (2) breach of NRS § 116.1113 against the HOA and NAS; (3) wrongful

///

---

[1] The Court takes judicial notice of the exhibits filed as ECF Nos. 77-1, 77-2, 77-3, and 77-6 as they are records from the Clark County Recorder's office. *See, e.g.*, *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (explaining that a court may take judicial notice of a government agency's records and other undisputed matters of public record under Fed. R. Evid. 201).

[2] BANA offers the affidavit of Adam Kendis ("Kendis Affidavit"), a paralegal with Miles Bauer, who authenticated Miles Bauer's business records and explained the information contained within Miles Bauer's records attached to his affidavit. (ECF No. 77-4.)

foreclosure against the HOA and NAS; and (4) injunctive relief against Daisy Trust. (ECF No. 1 at 6–13.) In the prayer for relief, BANA primarily requests an order declaring Daisy Trust took the Property subject to BANA's DOT. (*Id.* at 14.) Daisy Trust asserts counterclaims for quiet title and declaratory relief. (ECF No. 8 at 5–6.)

### III. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250–51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show

that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

Further, "when parties submit cross-motions for summary judgment, '[e]ach motion must be considered on its own merits.'" *Fair Hous. Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (citations omitted) (quoting William W. Schwarzer, *et al.*, The Analysis and Decision of Summary Judgment Motions, 139 F.R.D. 441, 499 (Feb. 1992)). "In fulfilling its duty to review each cross-motion separately, the court must review the evidence submitted in support of each cross-motion." *Id.*

## IV.  DISCUSSION

The Court will first address Defendants' statute of limitations arguments before addressing the parties' arguments as to the merits. As to the latter, BANA argues that it is entitled to summary judgment because, among other things, its tender extinguished the HOA's lien. (ECF No. 60 at 5–8.) The Court agrees that BANA properly tendered the superpriority amount and declines to address the parties' remaining arguments.

### A.  Statute of Limitations

Daisy Trust argues that BANA's claims are subject to the three years statute of limitations found at NRS § 11.190, and that the limitations period expired because this action was filed on March 31, 2016, more than three years from the August 2, 2012 foreclosure sale. (ECF No. 79 at 4–5.) The HOA contends that BANA's claims against the HOA—second and third claims—are barred by the three-year statute of limitations. (ECF No. 78 at 13.) BANA counters that their claims are subject to a five-year statute of limitations and even if the three-year statute of limitations applies, the statute began to run only after the Nevada Supreme Court's decision in *SFR Invs. Pools 1, LLC v. U.S. Bank,*
///

4

*N.A.*, 334 P.3d 408 (Nev. 2014), holding that an HOA foreclosure sale could extinguish a senior deed of trust. (ECF No. 84 at 3–9.)

The Court disagrees with BANA as to the accrual period. The cause of action in foreclosure cases such as this accrues at the time of the foreclosure sale, not when the Nevada Supreme Court decided *SFR. See Goldsmith Enters., LLC v. U.S. Bank, N.A.*, No. 2:15-cv-00991-MMD-PAL, 2017 WL 4172266, at *3 (D. Nev. Sept. 20, 2017) (citations omitted)*.*

The Court finds that the five-year statute of limitations in NRS § 11.070 applies to BANA's first claim. "[NRS] § 40.010 allows anyone with an interest in the property to sue to determine adverse claims, and [NRS] § 11.070 provides the corresponding limitations period for such claims." *Nationstar Mortg. LLC v. Amber Hills II Homeowners Ass'n*, No. 2:15-cv-01433-APG-CWH, 2016 WL 1298108, at *4 (D. Nev. Mar. 31, 2016); *see also Bank of Am., N.A. v. Antelope Homeowners' Ass'n*, No. 2:16-cv-449-JCM-PAL, 2017 WL 421652, at *2 (D. Nev. Jan. 30, 2017) (same). Thus, BANA's first claim is not time-barred.

However, BANA's second claim for breach of NRS § 116.1113 and third claim for wrongful foreclosure are subject to NR 11.190(3)(a)'s three-year statute of limitations because they are based on the HOA's authority to conduct the HOA Sale under NRS chapter 116. *See Bank of Am., N.A. v. Desert Canyon Homeowners Ass'n,* No. 2:17-cv-00663-MMD-NJK, 2017 WL 4932912 (D. Nev. Oct. 31, 2017) (dismissing similar claims for breach of obligation under NR § 116.113 and wrongful foreclosure as barred by the three-year statute of limitations). These claims were brought more than three years from the HOA Sale and are therefore time barred. The Court thus grants the HOA's motion with respect to these two claims.

**B.    Tender**

BANA argues that it is entitled to summary judgment because it tendered the correct amount to satisfy the superpriority lien. (ECF No. 77 at 5–8.) The Court agrees.

In several recent decisions, the Nevada Supreme Court effectively put to rest the issue of tender. For example, in *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113

5

(Nev. 2018), *as amended on denial of reh'g* (Nov. 13, 2018), the Nevada Supreme Court held "[a] valid tender of payment operates to discharge a lien or cure a default." *Id.* at 117. It reaffirmed that "that the superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine months of unpaid assessments." *Id.* More recently, the Nevada Supreme Court held that an offer to pay the superpriority amount coupled with a rejection of that offer discharges the superpriority portion of the HOA's lien, even if no money changed hands. *Bank of Am., N.A. v. Thomas Jessup, LLC Series VII*, No. 73785, 2019 WL 1087513, at *1 (Nev. Mar. 7, 2019).

Defendants respond with numerous arguments against tender. The HOA argues that its rejection of the tender was justified given the legal uncertainties at the time of the tender in 2012 and that its rejection was not made in bad faith. (ECF No. 81 at 6–7.) Daisy Trust argues that it was a bona fide purchaser, that the tender must be recorded to put third parties on notice, and that BANA's letter accompanying the check for the superpriority amount contained impermissible conditions. (ECF No. 80 at 10–16.) These arguments were rejected by the Nevada Supreme Court in *Bank of America*, 427 P.3d at 118–119. Further, the reasons for rejecting the offer do not figure into the Court's analysis. The fact of rejection, coupled with an offer to pay the superpriority amount, is sufficient to discharge the superpriority portion of the HOA's lien. *See Thomas Jessup*, 2019 WL 1087513, at *1.

Daisy Trust also argues that BANA's tender improperly excluded permissible charges for nuisance and abatement and was insufficient to satisfy the superpriority portion of the HOA lien (ECF No. 80 at 17–19).[3] *See, e.g.*, *Bank of America*, 427 P.3d at 117 ("A plain reading of [NRS § 116.3116(2) (2012)] indicates that the superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine months of unpaid [common expense] assessments."). However, Daisy Trust fails to offer

///

---

[3]Daisy Trust also suggests that the amount tendered was not the superpriority amount at the time of the HOA Sale. (ECF No. 80 at 22.) The superpriority amount was nine months of assessment so the fact that additional assessments were owed at the time of the HOA Sale is irrelevant.

1 any evidence of nuisance and maintenance abatement charges.[4] In fact, the HOA does not contend that BANA's tender was not sufficient to satisfy the superpriority portion of the lien. Daisy Trust's mere conjecture that the lien may have included nuisance and abatement charges is insufficient to create a genuine issue of material fact to preclude summary judgment.

Daisy Trust alone challenges the evidence BANA offered to support its argument of tender. In particular, Daisy Trust argues that the documents attached to the Kendis Affidavit are not property authenticated and contained inadmissible hearsay, and the Kendis Affidavit is not made based upon personal knowledge. (ECF No. 80 at 20–22.) The Court agrees with BANA that it has presented admissible evidence to demonstrate that it tendered the superpriority amount and the HOA rejected its tender. (ECF No. 87 at 11–13.) The Kendis Affidavit properly authenticated the documents offered and explained what the screenshot of Miles Bauer's case management notes reflects.[5] Kendis need not have personal knowledge that NAS returned the check to attest that Miles Bauer's case management note reflects that the check was returned. Daisy Trust has not offered any admissible evidence to create a genuine issue of material fact regarding whether BANA tendered the check and NAS rejected it.

///
///

---

[4] *See Bank of America*, 427 P.3d at 118 ("Bank of America tendered the correct amount to satisfy the superpriority portion of the lien ... [because] the HOA did not indicate that the property had any charges for maintenance or nuisance abatement."); *PROF-2013-S3-Legal Title Tr. V v. Saticoy Bay LLC*, No. 2:16-cv-1346-JCM-CWH, 2018 WL 6003847, at *5 (D. Nev. Nov. 14. 2018) (noting "[the lender] relied on [the HOA]'s ledger to calculate nine months of assessments" and "[the HOA] like the HOA in *Bank of America*, did not indicate the property had any charges for maintenance or nuisance abatement").

[5] Daisy Trust relies on excerpt from Mr. Miles' testimony in another case showing that Miles Bauer had given access to the computer database to BANA's counsel in that case and argued that there is no evidence that the same practice is not done in this case to challenge the Kendis Affidavit's authentication of the records. (ECF No. 80 at 20–21.) But the Kendis Affidavit presents the information based on Miles Bauer's records. (ECF No. 77 at 3–4.) Daisy Trust appears to suggest that BANA's counsel may have modified the computer records if they were given access to them, but mere conjecture is not enough to create a factual dispute.

In sum, the Court finds that BANA has demonstrated entitlement to summary judgment on its first claim for relief and on Daisy Trust's counterclaims based on BANA's tender. The Court finds that the HOA is entitled to summary judgment on BANA's second and third claims for relief. Defendant NAS did not move for summary judgment or respond to BANA's motion. However, the Court *sua sponte* grants summary judgment in favor of BANA and against NAS on BANA's first claim for relief and in favor of NAS on BANA's second and third claims for relief for the same reason. *See Albino v. Baca*, 747 F.3d 1162, 1176 (9th Cir. 2014) ("[W]here the party moving for summary judgment has had a full and fair opportunity to prove its case, but has not succeeded in doing so, a court may enter summary judgment *sua sponte* for the nonmoving party.").

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Plaintiff's motion for summary judgment on its first claim for relief and on Daisy Trust's counterclaims (ECF No. [77]) is granted.

It is further ordered that Daisy Trust's motion for summary judgment (ECF No. [79]) is denied.

It is further ordered that Sunrise Ridge Master Homeowners Association's motion for summary judgment (ECF No. 78) is granted in part and denied in part. It is granted with respect to Plaintiff's second and third claims for relief. It is denied as to the first claim for relief.

///
///
///
///
///

8

The Clerk of Court is directed to enter judgment in accordance with this order and close this case.

DATED THIS 18th day of March 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE